```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------

SAMUEL ORTIZ,

                         Plaintiff,
                                                  VERIFIED COMPLAINT
       - vs -
                                                  Civil Case No.
CITY OF ROCHESTER,
ROCHESTER POLICE DEPARTMENT,
and ROCHESTER POLICE OFFICER(S)
IDENTITIES UNKNOWN,
                         Defendants.

PLAINTIFF DEMANDS A TRIAL BY JURY
------------------------------------------------------------------
```

The Plaintiff, SAMUEL ORTIZ, by and through his attorney, LELAND T. WILLIAMS, ESQ., complaining of the Defendants, alleges as follows:

**INTRODUCTION**

1. Plaintiff, SAMUEL ORTIZ, at all relevant times to the events described herein had a residence at 37 Wolff Street, City of Rochester, the County of Monroe and State of New York.

2. Upon information and belief, defendant City of Rochester, is and was at all relevant times hereinafter mentioned a municipal corporation located within the County of Monroe and State of New York.

3. Upon information and belief, defendant Rochester Police Department, is a department within the City of Rochester, which as mentioned is a municipal corporation located within the County of Monroe and State of New York.

-1-

4. Upon information and belief, defendant ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN, were residents of the County of Monroe and State of New York.

5. Upon information and belief, other unnamed defendants from the Rochester Police Department were present and responsible, and will be named, identified and added as they become known.

**JURISDICTION**

6. This action is brought pursuant to 42 U. S. C. Sections 1983, 1985 and 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United Constitution.

7. Jurisdiction is founded upon 28 U. S. C. Sections 1331 and 1341 (3) and (4) and the aforementioned statutory provisions.

8. Plaintiff further invokes the pendant jurisdiction of this Court to hear and decide claims arising under New York State law.

9. A Notice of Claim, dated September 22, 2016, was timely filed with the City of Rochester and the Rochester Police Department, New York pursuant to the New York State General Municipal Law.

10. A hearing pursuant to 50-h of the General Municipal Law was waived by letter from the City of Rochester Department of Law.

11. More than thirty (30) days have elapsed since the service of the Notice of Claim and there has been no adjustment of payment.

12. This action is commenced within one (1) year and ninety days (90) of the happening of the events herein alleged.

13. No previous lawsuits and/or administrative relief have been pursued.

**FACTS**

14. On or about September 7, 2016, at approximately 12:00 a.m., the plaintiff was injured by the defendants, at or near Abs Street, Rochester, New York.

15. Abs Street is in the City of Rochester, Monroe County and State of New York.

16. At all relevant times the ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN defendants were acting under the color of state law within the meaning of U. S. C. § 1983 and under the guise and scope of their employment as police officers for defendant, and under the policies, customs and usages of New York State, the City of Rochester and the Rochester Police Department.

17. At all relevant times the defendants City of Rochester and Rochester Police Department are responsible and liable for the acts, omissions and conduct of the individual ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN, and for the injuries, loss, costs and damages suffered.

18. At the above referenced date and time, the individual defendants ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN were uniformed officers of the Rochester Police Department and operating separate marked Rochester Police Department patrol cars.

19. On or about September 7, 2016, at approximately 12:00 a.m. the plaintiff was apprehended and arrested by police. At that

location, while handcuffed behind his back, Plaintiff was intentionally and purposefully brutally attacked and beaten by ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN, who repeatedly punched him in his head, face and body. This beating was without justification or provocation.

20. Other officers and supervising officers present at the scene did nothing to stop this assault, use of excessive force and physical brutality.

21. As a direct consequence of this assault, the plaintiff suffered facial and head wounds. He also sustained cuts, lacerations, bruises, swelling and pain over his entire body. Due to the nature and extent of his injuries, he wwent to the Emergency Department at Strong Memorial Hospital.

22. Beyond this initial emergency procedure, the plaintiff has had follow up treatment for complications related to this injury.

23. In addition to the injuries suffered above, the plaintiff has suffered permanent disfigurement, scarring, embarrassment and humiliation.

24. At all times during the events described each of the individual defendant ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN acted jointly.

25. At all times during the events described each of the individual defendant ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN

failed to intervene to stop or prevent the excessive use of force and physical brutality used against the plaintiff.

26. At all time during the events described each of the individual defendant ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN knew from their training and experience that excessive force and physical brutality was used on this plaintiff.

27. Each of these defendants, ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN, despite this training, experience and governing departmental regulations, intentionally engaged in this conduct of excessive force and physical brutality to willfully and maliciously beat this plaintiff.

28. The plaintiff was arrested and charged with criminal offenses, booked into the Monroe County Jail and detained for prosecution in Rochester City Court.

### FIRST CAUSE OF ACTION: BATTERY

29. For the purpose of this cause of action, the plaintiff incorporates by reference each and every of the previous paragraphs.

30. The actions of each of the defendants, ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN by hitting, kicking, punching and striking the plaintiff with their hands and knees, was conducted in an offensive manner and intended to cause harm and injury to the plaintiff constituting a battery upon the plaintiff.

31. As a direct and proximate result of the battery, the plaintiff suffered harm, pain, injury, mental anguish, shame,

emotional distress and humiliation. In addition, the plaintiff contends the intended conduct of each of the defendants ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN was malicious and vindictive.

## SECOND CAUSE OF ACTION: ASSAULT

32. For the purpose of this cause of action, the plaintiff incorporates by reference each and every of the previous paragraphs.

33. The actions of each of the defendants ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN through their words, overt actions and gestures, intentionally placed the plaintiff in fear of imminent harmful, offensive contact and injury from each of the defendants.

34. As a direct and proximate result of the assault, the plaintiff suffered fear, mental anguish and emotional distress. In addition, the plaintiff contends the intended conduct of each of the defendants was malicious and vindictive.

**THIRD CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

35. For the purpose of this cause of action, the plaintiff incorporates by reference each and every of the previous paragraphs.

36. The outrageous actions of each of the defendants, ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN by threatening, assaulting, beating, seizing, arresting and prosecuting the plaintiff collectively and individually constitutes extreme and outrageous conduct that should be tolerated in a civilized society.

37. The outrageous actions of the defendants, ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN were intended to cause, and was in utter disregarded of the severe emotional distress such actions caused to the plaintiff.

38. As a result of the outrageous conduct of each of the defendants, ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN the plaintiff suffered extreme emotional distress. In addition, the plaintiff contends the intended conduct of each of the defendants was malicious and vindictive.

**FOURTH CAUSE OF ACTION: CIVIL RIGHTS**

39. For the purpose of this cause of action, the plaintiff incorporates by reference each and every of the previous paragraphs.

40. The plaintiff contends the above acts of assault and battery, malicious prosecution and intentional infliction of emotional distress collectively and individually committed by each of the defendants ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN constitute violations of plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendment Rights as guaranteed by the United States Constitution.

41. The plaintiff further contends, the actions of the defendants ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN in detaining, seizing and arresting the plaintiff was without probable cause; in subjecting the plaintiff to unreasonable search and seizure, and by the use of excessive force in the course of said

arrest, and during the subsequent detention was also in violation of the plaintiff's rights under the United States Constitution.

42. These actions of the defendants ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN were in violation of the plaintiff's constitutional rights pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988, and were performed under the color of state law by each of the defendants as members of the Rochester Police Department.

43. As a direct and proximate result of the aforementioned acts and their deliberate indifference of each of the defendants, the plaintiff suffered inhumane physical abuse, pain, physical injury, permanent disfigurement, loss of freedom, expenses, mental anguish, shame, emotional distress, humiliation, ridicule, damage to reputation and embarrassment.

44. The plaintiff makes claim for recovery of attorney's fees and expenses incurred pursuant to 42 U.S.C. § 1988.

### FIFTH CAUSE OF ACTION: CIVIL RIGHTS ACTION AGAINST CITY OF ROCHESTER

45. For the purpose of this cause of action, the plaintiff incorporates by reference each and every of the previous paragraphs.

46. Prior to the events described above, the City of Rochester developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Rochester, which caused the violation of the plaintiff's rights.

47. It was the policy and/or custom of the City of Rochester

to inadequately and improperly investigate citizens complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Rochester.

48. It was the policy and/or custom of the City of Rochester to inadequately supervise and train its police officers, including the individual defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Rochester did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

49. As a result of the City of Rochester's policies and customs, the police officers of the City of Rochester, including the individual defendants ROCHESTER POLICE OFFICER(S) IDENTITIES UNKNOWN believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

50. These policies and customs demonstrated a deliberate indifference on the part of policymakers and supervisory personnel of the City of Rochester to the constitutional rights of persons within the city of Rochester, and were the cause of the violations of the plaintiff's rights as alleged which resulted in his injuries.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

WHEREFORE, the plaintiff demands judgment against defendants for damages sustained by the plaintiff as follows:

A.  As to the First Cause of Action $1,000,000.00;

B.  As to the Second Cause of Action $1.000.000.00;

C.  As to the third Cause of Action $1,000,000.00;

D.  As to the Fourth Cause of Action $1,000,000.00;

E.  As to the Fifth Cause of Action $1,000,000.00;

F.  Together with punitive damages against each of the individual defendants as is deemed just and proper;

G.  Together with reasonable attorney's fees to be awarded to the plaintiff pursuant to 42 U. S. C. §1988;

H.  Together with the costs and disbursements of this action; and

I.  Such other and further relief as to this Court may deem just and proper.

DATED: Rochester, New York      Yours, etc.
       December 4, 2017
                                LELAND T. WILLIAMS, ESQ.
                                Attorney for Plaintiff
                                95 Allens Creek Road
                                Building 1, Suite 107
                                Rochester, NY 14618
                                Telephone: (585) 292-1110
                                lelandtwms@hotmail.com


To: THE CITY OF ROCHESTER
    Department of Law
    City Hall Room 400A
    30 Church Street
    Rochester, NY 14614-1295

VERIFICATION

STATE OF NEW YORK)
COUNTY OF MONROE ) ss.:

    LELAND T. WILLIAMS, an attorney, duly admitted to practice law in the State of New York, under the penalties of perjury, affirms the following: I am the attorney for the Plaintiff in this action and that the foregoing Complaint is true to my knowledge, except as to those matters therein stated on information and belief and as to those matters I believes it to be true; that the grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by Plaintiff and interviews with Plaintiff and others and that the reason why the verification is not made by Plaintiff is that Plaintiff resides outside the county in which I maintains my office.

Dated:    December 4, 2017
           Rochester, New York

                                    S/
                                LELAND T. WILLIAMS