UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL ORTIZ

        Plaintiff,

v.

CITY OF ROCHESTER, ROCHESTER POLICE
DEPARTMENT, and ROCHESTER POLICE
OFFICER(S) IDENTITIES UNKNOWN,

        Defendants.

ANSWER

Case No.: 17-cv-6832(EAW)

---

The Defendants, by and through their undersigned counsel, submit the following as and for their Answer to the Plaintiff's Complaint:

1. They deny knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraphs 1, 13 and 15 of the Complaint.

2. They admit the allegations contained in paragraphs 2, 3, 4, 9, 11, 18 and 28 of the Complaint.

3. They deny the allegations contained in paragraphs 5, 6, 7, 8, 10, 12, 14, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, 33, 34, 36, 37, 38, 40, 41, 42, 43, 44, 46, 47, 48, 49 and 50 of the Complaint.

4. With respect to paragraphs 29, 32, 35, 39 and 45 of the Complaint, wherein the Plaintiff incorporates by reference each and every preceding paragraph, the Defendants likewise here repeat and reallege each and every response to those paragraphs as if more fully set forth herein.

5. They deny each and every allegation contained in the Amended Complaint

not heretofore admitted, denied or otherwise controverted.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

6. The Complaint fails generally to state any causes of action for which relief may be granted against the Answering Defendants.

## AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

7. The first cause of action contained in the Complaint, which purports to state a claim for common law battery, fails to state a claim for which relief may be granted against the Answering Defendants.

## AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

8. The second cause of action contained in the Complaint, which purports to state common law claim for assault, fails to state a claim for which relief may be granted against the Answering Defendants.

## AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

9. The third cause of action contained in the Complaint, which purports to state a claim for intentional infliction of emotional distress, fails to state a claim for which relief may be granted against the Answering Defendants.

## AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

10. The fourth cause of action contained in the Complaint, which purports to state a claim for civil rights violations as against the individual named Defendants fails to state a claim for which relief may be granted, particularly under 42 U.S.C. §§1983 and

1985.

### AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE,
### THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

11. The fifth affirmative defense contained in the Complaint, which apparently purports to state a Monell claim as against the Defendant, City, fails to state a claim for which relief may be granted.

### AS AND FOR THEIR SEVENTH AFFIRMATIVE DEFENSE,
### THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

12. The Complaint improperly contains requests for specific monetary damages against the City of Rochester, in violation of NY CPLR §3017(c).

### AS AND FOR THEIR EIGHTH AFFIRMATIVE DEFENSE,
### THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

13. The Defendant, Rochester Police Department, is a department of the Defendant, City of Rochester, it is not a separate legal entity, is not a proper party Defendant, and is not subject to suit under the laws of this State.

### AS AND FOR THEIR NINTH AFFIRMATIVE DEFENSE,
### THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

14. Punitive damages cannot be awarded against a municipality, or any individuals whom a municipality is required to indemnify, so the Complaint improperly contains demands for such damages.

### AS AND FOR THEIR TENTH AFFIRMATIVE DEFENSE,
### THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

15. The individual Defendants are entitled to qualified immunity from suit because no clearly established constitutional right was violated and their actions were

objectively reasonable under the circumstances.

### AS AND FOR THEIR ELEVENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

16. The individual Defendants are entitled to immunity from continuation of this action on the grounds that they acted in the good-faith belief that their actions constituted a reasonable exercise of their duties and did not breach or infringe upon the Plaintiff's constitutional rights known by a reasonable person to exist at the time of the subject incident.

### AS AND FOR THEIR TWELFTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

17. The force used on the Plaintiff was reasonable and necessary under the circumstances and any injuries or damages allegedly suffered by him were due to and caused by reason of his improper, illegal acts and conduct.

### AS AND FOR THEIR THIRTEENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

18. The force used did not rise to the level of a constitutional violation.

### AS AND FOR THEIR FOURTEENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

19. The damages alleged in the Complaint were caused in whole by the acts, or omissions to act, of the Plaintiff which were negligent, reckless, wrongful, intentional, illegal, or otherwise culpable.

### AS AND FOR THEIR FIFTEENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANTS STATE AS FOLLOWS:

20. In the event that the Plaintiff recovers an award, then the provisions of NY

CPLR §4545 will apply, and the Defendants will claim an offset for any amounts which Plaintiff will, with reasonable certainty, receive from collateral sources as provided in said statute.

WHEREFORE, the Answering Defendants demand judgment as follows:

A.  Dismissing Plaintiff's Complaint, together with the costs and disbursements of this action;

B.  Additionally, and/or in the alternative, they demand that any judgment recovered by the Plaintiff be diminished in the proportion to which his culpable conduct bears to the culpable conduct which caused his injuries and damages; and

C.  For such other and further relief which the Court may deem just and proper.

Date: January 10, 2018
Rochester, New York

TIMOTHY R. CURTIN,
CORPORATION COUNSEL

By:  s/Christopher S. Noone
Christopher S. Noone, Esq., of Counsel
*Attorneys for Defendant*
30 Church Street, Room 400A
Rochester, NY 14614
(585) 428-6753

To: Leland T. Williams, Esq.
195 Allens Creek Road
Building 1, Suite 107
Rochester, NY 14618
(585) 292-1110